UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Docket No.:

RONALD LANIER,                                                             17-CV-3287

                                                Plaintiff,                 ANSWER TO
                                                                           COMPLAINT

          -against-

VILLAGE OF GARDEN CITY, GARDEN CITY
POLICE DEPARTMENT, DETECTIVE LIEUTENANT
GERARD KNEISEL, sued here in his official and
individual capacity, SARGENT MAUREN, sued here in
his official and individual capacity, POLICE OFFICER
GEORGE BYRD, sued here in his official and individual
capacity, and POLICE OFFICER JOHN RUSSELL,
sued here in his official and individual capacity,

                                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**S I R S :**

Defendants, VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT,

DETECTIVE LIEUTENANT GERARD KNEISEL, sued here in his official and individual

capacity, SARGENT MAUREN, sued here in his official and individual capacity, POLICE

OFFICER GEORGE BYRD, sued here in his official and individual capacity, and POLICE

OFFICER JOHN RUSSELL, sued here in his official and individual capacity, by their attorneys,

BEE READY FISHBEIN HATTER & DONOVAN, LLP, as and for their Answer to Plaintiff's

Complaint, sets forth as follows:

## PRELIMINARY STATEMENT

    1.    There are no allegations, thus no response is required.

    2.    Denies each and every allegation contained in Paragraph "2" of the

Complaint, and respectfully refer all question of law to the within Court for ultimate

determination.

3.      Denies each and every allegation contained in Paragraph "3" of the Complaint.

4.      Denies each and every allegation contained in Paragraph "4" of the Complaint.

5.      Denies each and every allegation contained in Paragraph "5" of the Complaint.

6.      Denies each and every allegation contained in Paragraph "6" of the Complaint.

7.      Denies each and every allegation contained in Paragraph "7" of the Complaint.

8.      Denies each and every allegation contained in Paragraph "8" of the Complaint.

9.      Denies each and every allegation contained in Paragraph "9" of the Complaint.

## JURISDICTION AND VENUE

10.     There are no allegations, thus no response is required.

11.     There are no allegations, thus no response is required.

12.     Denies each and every allegation contained in Paragraph "12" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

13.     Admits each and every allegation contained in Paragraph "13" of the Complaint, and respectfully refer all question of law to the within Court for ultimate

determination.

14.     Denies each and every allegation contained in Paragraph "14" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

15.     There are no allegations, thus no response is required.

## PARTIES

16.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the Complaint.

17.     Admits each and every allegation contained in Paragraph "17" of the Complaint.

18.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of the Complaint.

19.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the Complaint.

20.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the Complaint.

21.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the Complaint.

## FACTUAL ALLEGATIONS

22.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "22" of the Complaint.

23.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "23" of the Complaint.

24.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the Complaint.

25.     Denies each and every allegation contained in Paragraph "25" of the Complaint.

26.     Denies each and every allegation contained in Paragraph "26" of the Complaint.

27.     Denies each and every allegation contained in Paragraph "27" of the Complaint.

28.     Denies each and every allegation contained in Paragraph "28" of the Complaint.

29.     Denies each and every allegation contained in Paragraph "29" of the Complaint.

30.     Denies each and every allegation contained in Paragraph "30" of the Complaint.

31.     Denies each and every allegation contained in Paragraph "31" of the Complaint.

32.      Denies each and every allegation contained in Paragraph "32" of the Complaint.

33.     Denies each and every allegation contained in Paragraph "33" of the Complaint.

34.     Denies each and every allegation contained in Paragraph "34" of the Complaint.

35.     Denies each and every allegation contained in Paragraph "35" of the Complaint.

36.     Denies each and every allegation contained in Paragraph "36" of the Complaint.

37.     Denies each and every allegation contained in Paragraph "37" of the Complaint.

38.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "38" of the Complaint.

39.     Denies each and every allegation contained in Paragraph "39" of the Complaint.

40.     Denies each and every allegation contained in Paragraph "40" of the Complaint.

41.     Denies each and every allegation contained in Paragraph "41" of the Complaint.

42.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "42" of the Complaint.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 – FALSE ARREST

43.     Answering Paragraph "43" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

44.     Denies each and every allegation contained in Paragraph "44" of the

Complaint.

45.     Denies each and every allegation contained in Paragraph "45" of the Complaint.

46.     Denies each and every allegation contained in Paragraph "46" of the Complaint.

47.     Denies each and every allegation contained in Paragraph "47" of the Complaint.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE**

48.     Answering Paragraph "48" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

49.     Denies each and every allegation contained in Paragraph "49" of the Complaint.

50.     Denies each and every allegation contained in Paragraph "50" of the Complaint.

51.      Denies each and every allegation contained in Paragraph "51" of the Complaint.

52.     Denies each and every allegation contained in Paragraph "52" of the Complaint.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – MUNICIPAL LIABILITY**

53.     Answering Paragraph "53" of the Complaint, these answering Defendants

repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

54.     Denies each and every allegation contained in Paragraph "54" of the Complaint.

55.     Denies each and every allegation contained in Paragraph "55" of the Complaint.

56.     Denies each and every allegation contained in Paragraph "56" of the Complaint.

57.     Denies each and every allegation contained in Paragraph "57" of the Complaint.

58.      Denies each and every allegation contained in Paragraph "58" of the Complaint.

59.     Denies each and every allegation contained in Paragraph "59" of the Complaint.

60.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "60" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

61.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "61" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

62.     Denies each and every allegation contained in Paragraph "62" of the Complaint.

63.     Denies each and every allegation contained in Paragraph "63" of the Complaint.

64.     Denies each and every allegation contained in Paragraph "64" of the Complaint.

65.     Denies each and every allegation contained in Paragraph "65" of the Complaint.

66.      Denies each and every allegation contained in Paragraph "66" of the Complaint.

67.     Denies each and every allegation contained in Paragraph "67" of the Complaint.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 – FALSE IMPRISONMENT

68.     Answering Paragraph "68" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

69.     Denies each and every allegation contained in Paragraph "69" of the Complaint.

70.     Denies each and every allegation contained in Paragraph "70" of the Complaint.

71.     Denies each and every allegation contained in Paragraph "71" of the Complaint.

72.     Denies each and every allegation contained in Paragraph "72" of the

Complaint.

73.     Denies each and every allegation contained in Paragraph "73" of the Complaint.

74.     Denies each and every allegation contained in Paragraph "74" of the Complaint.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 -     EQUAL PROTECTION

75.     Answering Paragraph "75" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

76.     Denies each and every allegation contained in Paragraph "76" of the Complaint.

77.     Denies each and every allegation contained in Paragraph "77" of the Complaint.

78.     Denies each and every allegation contained in Paragraph "78" of the Complaint.

79.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "79" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

80.     Denies each and every allegation contained in Paragraph "80" of the Complaint.

81.     Denies each and every allegation contained in Paragraph "81" of the

Complaint.

82.     Denies each and every allegation contained in Paragraph "82" of the Complaint.

## AS AND FOR A SIXTH COUNT
### 42 U.S.C. § 1981

83.     Answering Paragraph "83" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

84.     Denies each and every allegation contained in Paragraph "84" of the Complaint.

85.     Denies each and every allegation contained in Paragraph "85" of the Complaint.

86.      Denies each and every allegation contained in Paragraph "86" of the Complaint.

87.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "87" of the Complaint.

88.     Denies each and every allegation contained in Paragraph "88" of the Complaint.

89.     Denies each and every allegation contained in Paragraph "89" of the Complaint.

90.     Denies each and every allegation contained in Paragraph "90" of the Complaint.

91.      Denies each and every allegation contained in Paragraph "91" of the Complaint.

92.      Denies each and every allegation contained in Paragraph "92" of the Complaint.

93.      Denies each and every allegation contained in Paragraph "93" of the Complaint.

94.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "94" of the Complaint.

95.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "95" of the Complaint.

96.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "96" of the Complaint.

97.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "97" of the Complaint.

98.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "98" of the Complaint.

99.      Denies each and every allegation contained in Paragraph "99" of the Complaint.

100.     Denies each and every allegation contained in Paragraph "100" of the Complaint.

101.     Denies each and every allegation contained in Paragraph "101" of the Complaint.

11

102.    Denies each and every allegation contained in Paragraph "102" of the Complaint.

103.    Denies each and every allegation contained in Paragraph "103" of the Complaint.

## AS AND FOR A SEVENTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

104.    Answering Paragraph "104" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

105.    Denies each and every allegation contained in Paragraph "105" of the Complaint.

106.    Denies each and every allegation contained in Paragraph "106" of the Complaint.

107.    Denies each and every allegation contained in Paragraph "107" of the Complaint.

108.    Denies each and every allegation contained in Paragraph "108" of the Complaint.

## AS AND FOR AN EIGHTH COUNT
### BATTERY
### PENDENT JURISDICTION

109.    Answering Paragraph "109" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth

herein.

110.    Denies each and every allegation contained in Paragraph "110" of the Complaint.

111.    Denies each and every allegation contained in Paragraph "111" of the Complaint.

112.    Denies each and every allegation contained in Paragraph "112" of the Complaint.

113.    Denies each and every allegation contained in Paragraph "113" of the Complaint.

114.    Denies each and every allegation contained in Paragraph "114" of the Complaint.

115.    Denies each and every allegation contained in Paragraph "115" of the Complaint.

## AS AND FOR A NINTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

116.    Answering Paragraph "116" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

117.    Denies each and every allegation contained in Paragraph "117" of the Complaint.

118.    Denies each and every allegation contained in Paragraph "118" of the Complaint.

119.    Denies each and every allegation contained in Paragraph "119" of the Complaint.

120.    Denies each and every allegation contained in Paragraph "120" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

121.    Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by Public Authorities Law §1276.   Therefore, this action and all state law causes of action may not be maintained against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

122.    Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

123.    Defendants are not subject to an award of exemplary or punitive damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

124.    Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

125.    That Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

126.    Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., Garden City police officers acted reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

127.    That the actions of the Garden City police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

128.    That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

129.    That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

130.     Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

131.     That the Defendants are not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the Village of Garden City, and as such the Village of Garden City is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

132.     That these answering defendants acting under the scope, authority and protection of the General Business Law, Article 12(b), Section 218, and that by reason thereof, the Plaintiff may not maintain this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

133.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

16

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

134.    If any damages are recoverable against the answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

135.    Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

136.    Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

137.    Plaintiff's claims must be dismissed because they are barred by the applicable Statute of Limitations.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

138.    Plaintiff's claims against all Defendants are frivolous.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

139.    Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

140.    Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

141.    Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

142.    At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

143.    If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

144.    Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

145.    Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

146.    Upon information and belief, that the injury or injuries, if any, sustained by

the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

147.   Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

148.   That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

149.   That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

150.   Upon information and belief, this Court lacks jurisdiction over the subject matter of this cause of action.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

151.   Upon information and belief, this Court lacks jurisdiction over these

answering Defendants based upon the allegations in the Complaint.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

152.    That the Garden City Police Department is not an entity susceptible to suite.

See, e.g., *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (EDNY 1992).

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

153.    That the answering Defendants, at all times complained of, acted

reasonably and in good faith in the discharge of their official duties and responsibilities.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

154.    That the answering Defendants acted in what they did solely pursuant to

their duties and responsibilities as law enforcement and/or prosecuting officials.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

155.    That the answering Defendants at all times acted in good faith in that they

reasonably believed that they were exercising and acting within their statutory and

constitutional powers.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

156.    That in performing such duties and responsibilities, the answering

Defendants are and were protected by absolute and/or qualified Federal and/or State

immunity.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

157.    Plaintiff lacks capacity to bring this suit.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

158.    Plaintiff lacks standing to bring the instant action.

WHEREFORE, Defendants, VILLAGE OF GARDEN CITY, GARDEN CITY

POLICE DEPARTMENT, DETECTIVE LIEUTENANT GERARD KNEISEL, sued here

in his official and individual capacity, SARGENT MAUREN, sued here in his official and

individual capacity, POLICE OFFICER GEORGE BYRD, sued here in his official and

individual capacity, and POLICE OFFICER JOHN RUSSELL, sued here in his official

and individual capacity, demand judgment dismissing the Complaint against it, together

with costs and disbursements, and for such other relief as the Court may deem just and

proper.

Dated:  Mineola, New York
          June 21, 2017

> Yours, etc.,
>
> **BEE READY FISHBEIN**
>    **HATTER & DONOVAN, LLP**
>
> By:    _____
>           Andrew K. Preston (AKP 5857)
>           *Attorneys for Defendants*
>           VILLAGE OF GARDEN CITY, GARDEN CITY POLICE
>           DEPARTMENT, DETECTIVE LIEUTENANT GERARD
>           KNEISEL, sued here in his official and individual capacity,
>           SARGENT MAUREN, sued here in his official and
>           individual capacity, POLICE OFFICER GEORGE BYRD,
>           sued here in his official and individual capacity, and
>           POLICE OFFICER JOHN RUSSELL, sued here in his
>           official and individual capacity
>           170 Old Country Road
>           Mineola, New York   11501
>           (516) 746-5599
>           Fax No. (516) 746-1045
>           **File No.: 6821-1635**

TO:   **LAW OFFICES OF**
        **FREDERICK K. BREWINGTON**
        *Attorneys for Plaintiff*
        556 Peninsula Boulevard
        Hempstead, NY 11550
        (516) 489-6959